

**SO ORDERED.**

**SIGNED this 27th day of January, 2014.**



UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Gene Edmond Mitchell and** | ) | **Case No. 11-51653** |
| **Barbara Hardister Mitchell** | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR PRIVATE SALE OF REALTY AND TO TRANSFER LIENS TO PROCEEDS OF SALE</u>

THIS MATTER came before the Court on January 22, 2014, upon the Chapter 7

Trustee's Motion for Private Sale of Realty and to Transfer Liens to Proceeds of Sale. The

Chapter 7 Trustee, Bruce Magers, appeared with his attorney, Daniel Bruton; Christopher Finan

appeared on behalf of SunTrust Mortgage, Inc.; and Robert Price, Jr. appeared on behalf of the

Office of the Bankruptcy Administrator. After considering the parties' arguments and the record,

the Court makes the following findings of fact and conclusions of law:

### <u>FACTS</u>

Gene Edmond Mitchell and Barbara Hardister Mitchell ("Debtors") acquired title to 126

E. Henderson St., Salisbury, North Carolina by deed recorded on July 21, 2006 ("Deed").

Incident to their acquisition of title, the Debtors borrowed $74,000 from SunTrust Mortgage, Inc.

1

("SunTrust Mortgage") pursuant to a deed of trust that, according to SunTrust Mortgage, granted SunTrust Mortgage a first priority security interest in the property located at 126 E. Henderson St., Salisbury, North Carolina ("Deed of Trust").[1] However, the property identified in the Deed of Trust is 116 E. Henderson St., Salisbury, North Carolina. The metes and bounds description of the property identified in the Deed of Trust also differed significantly from the description in the Deed.

The Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on October 31, 2011 ("Petition") and received a discharge on February 9, 2012. In the Petition, the Debtors list an interest in 126 E. Henderson St., Salisbury, North Carolina ("Property") and list SunTrust Mortgage as holder of a first mortgage lien on that Property. In addition, the Petition lists a different entity, SunTrust Bank, as holder of a second mortgage lien on the Property. On December 9, 2013, the Chapter 7 Trustee filed a Motion for Private Sale of Realty and to Transfer Liens to Proceeds of Sale ("Motion"). In his Motion, the Trustee proposes a short sale of the Property and settlement of SunTrust Bank's second mortgage lien from the proceeds. Though the Petition lists SunTrust Mortgage as holder of the first mortgage lien on the property, the Trustee's Motion mentions neither SunTrust Mortgage nor the first mortgage lien.

On the grounds that the Trustee's proposed sale fails to acknowledge SunTrust Mortgage's purported first mortgage lien on 126 E. Henderson St., Salisbury, North Carolina, SunTrust Mortgage filed an Objection on December 20, 2013. The Trustee did not amend his Motion. Instead, the Trustee filed a Response in which he identifies the Deed of Trust, disputes the validity of SunTrust Mortgage's purported lien, and presumes to have an unqualified right under 11 U.S.C. § 544 and 11 U.S.C. § 363(f)(4) to sell the property free and clear of SunTrust

---

[1] The parties represented in open court that the Deed of Trust has been transferred to another party. Mr. Finan represented in open court that he was appearing on behalf of that entity, as well as SunTrust Mortgage.

Mortgage's purported lien.

In addition to their disagreement about the validity of SunTrust Mortgage's purported lien, the Trustee and SunTrust Mortgage disagree about the timeliness of the Trustee's Motion. The Court's finding as to timeliness, explained below in the context of 11 U.S.C. § 544 and 11 U.S.C. § 363(f)(4), is dispositive. Therefore, the Court refrains from reaching the issue of the validity of SunTrust Mortgage's lien. The Court, *sua sponte*, additionally addresses the issue of the procedural adequacy of the Trustee's Motion.

## DISCUSSION

11 U.S.C. § 363(b)(1) provides, in relevant part, that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(f)(4) further provides, in relevant part, that the "trustee may sell property under subsection (b)…of this section free and clear of any interest in such property of an entity other than the estate, only if… such interest is in bona fide dispute." In a motion under 11 U.S.C. § 363(f), "the basis for the relief requested should be plainly stated" and the trustee must "identify any secured creditor intended to be affected by the sale" and "set forth any factual basis to support his conclusion that the liens are in bona fide dispute." *In re Takeout Taxi Holdings, Inc.*, 307 B.R. 525, 531-32 (Bankr. E.D. Va. 2004). "Strict compliance with procedural matters when presenting a motion to sell free and clear of liens and interests is especially important because the trustee is disposing of the secured party's collateral…potentially without the consent of the secured party." *Id.* at 530. In order for the trustee to prevail in a motion under 11 U.S.C. § 363(f)(4), "evidence must be provided to show factual grounds that there is an 'objective basis' for the dispute." *In re Collins*, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995). The Court need not "resolve the underlying dispute, just determine its existence." Accordingly, "the

propriety of the lien does not necessarily have to be the subject of an immediate or concurrent adversary proceeding." *Id.* at 452 n.8. *See also In re Millerburg*, 61 B.R. 125, 127 (Bankr. E.D.N.C. 1986) (finding that the trustee's "potential" adversary proceeding to avoid a lien "qualif[ied] as a bona fide dispute for purposes of § 363(f)(4)").

The Court finds that the Trustee has no objective basis upon which to dispute SunTrust Mortgage's lien, because the statute of limitations for an action by the Trustee to avoid the lien has expired. 11 U.S.C. § 544(a), which governs the Trustee's strong arm avoidance power, provides, in relevant part, that the "trustee shall have…the rights and powers of, or may avoid…any obligation incurred by the debtor that is voidable by" a lien-creditor or bona fide purchaser of the debtor's real property as of the petition date. Section 544 is limited by 11 U.S.C. § 546(a), which provides, in relevant part, that "an action or proceeding under section 544…may not be commenced after the earlier of…2 years after the entry of the order for relief…or the time the case is closed or dismissed." The last day the Trustee could have initiated an action to avoid SunTrust Mortgage's lien was October 31, 2013. Thereafter, the resolution of any dispute between the Trustee and SunTrust Mortgage over the validity of the lien became an impossibility. As such, the Trustee's proffer of evidence to show factual grounds that there is an objective basis for the dispute is insufficient and his Motion must fail.

It is the Trustee's apparent position that, irrespective of section 546, the description of the property in the Deed of Trust is so defective that there is no lien of record and the Trustee can simply ignore the existence of the Deed of Trust.[2] On the contrary, in this context the Bankruptcy Code affords the Trustee only one method to avoid SunTrust Mortgage's lien: an adversary proceeding "to determine the validity…of a lien." Fed. R. Bankr. P. 7001(2). An adversary

---

[2] In support of this contention, the Trustee points to the disjunctive structure of subsection 544(a) ("The trustee shall have…the rights and powers of, or may avoid…").

proceeding, in addition to being governed by all of the procedural requirements of Part VII of the Federal Rules of Bankruptcy Procedure, is "an action or proceeding under section 544." Thus, an adversary proceeding is subject to the time limitation in section 546. It is in this manner that the lien-creditor is accorded its constitutional right to the due process of law.[3]

Moreover, even were an avoidance action by the Trustee not foreclosed in this case, the Trustee's Motion would fail for procedural inadequacy. "Constitutional due process is not simply satisfied by properly placing a piece of paper in the hands of the respondent. The paper served must contain adequate information. The content must be reasonably calculated to put the respondent on notice. The person whose interests are sought to be affected should be identified." *In re Takeout Taxi Holdings* at 532. The Trustee's Motion not only fails to allege that SunTrust Mortgage's lien is invalid—it does not even mention SunTrust Mortgage or its lien. Over a month passed before the Trustee, in a Response to SunTrust Mortgage's Objection, placed in dispute the validity of SunTrust Mortgage's lien. "Due process under the Fifth Amendment requires that a secured party whose collateral is about to be sold free and clear of his lien be given fair notice of the intended action and an opportunity to be heard." *Id.* at 531. The Trustee's Motion did not provide SunTrust Mortgage with fair notice of the Trustee's intended action. The Trustee's Motion is therefore procedurally inadequate.

## <u>CONCLUSION</u>

Based on the foregoing, it is ORDERED and ADJUDGED that the Trustee's Motion for

---

[3] The Trustee alternatively argues that he is *defensively* seeking invalidation of SunTrust Mortgage's lien, and that, following *In re Asia Global Crossing, LTD.*, 344 B.R. 247 (Bankr. S.D.N.Y. 2006), he may assert that defense, as a matter of common law, after the statute of limitations has run. But the Trustee is not asserting a defense—he is the moving party. Furthermore, *Global Crossing* explicitly confined the common law right of defensive avoidance to cases in which a "third party seeks to recover property of the estate,…asserting a 'claim' within the meaning of § 502(a)." *Id.* at 255. This is not such a case and "[t]he trustee's….interpretation would render the statute of limitations superfluous as to this type of avoidance claim." *Id.* at 253 n.7.

Private Sale of Realty and to Transfer Liens to Proceeds of Sale is DENIED.

**END OF DOCUMENT**

# SERVICE LIST

Gene E.  Mitchell
Barbara H. Mitchell
Debtors

Robert McLaughlin
Attorney for Debtors

Christopher Finan
Attorney for SunTrust Mortgage

Daniel Bruton
Attorney for Trustee

Bruce Magers
Trustee

William Miller
US Bankruptcy Administrator